555 A.2d 147
**Joseph N. DeGENOVA and Rita DeGenova, Appellants,**
**v.**
**David G. ANSEL, M.D. and Amalgamated Life Insurance Company.**

Superior Court of Pennsylvania.

Argued June 7, 1988.

Filed Dec. 9, 1988.

214

Eugene D. McGurk, Jr., Philadelphia, for appellants.

Lynne P. Fox, Philadelphia, for appellees.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

McEWEN, Judge:

This appeal has been taken from the order of the trial court which sustained the preliminary objections filed by appellee Amalgamated Life Insurance Co. (hereinafter ALICO), and dismissed ALICO as a defendant in the trespass action commenced by the appellants, Joseph N. DeGenova and Rita DeGenova. We are constrained to reverse and remand.

Appellant Joseph N. DeGenova (hereinafter appellant) was diagnosed by his primary physician as having a nasal polyp in his left nostril, which would require surgical removal. Appellant, a retired member of the Amalgamated Cotton and Textile Workers Union, was insured by ALICO under a medical health benefits plan which required appellant to obtain a second opinion before ALICO would pay for any surgical procedure. ALICO, therefore, scheduled an appointment for appellant with David G. Ansel, M.D., for purposes of obtaining a second opinion as to the proposed surgical procedure. The present controversy arose from that visit.

Appellant filed a complaint against Dr. Ansel and ALICO alleging that Ansel had removed the polyp from his nose while he was being examined, without his consent or knowledge, and that the surgical removal had been performed negligently, resulting in harm to the appellant. Appellant sought recovery from ALICO based upon its alleged vicarious liability for the acts of its agent, servant, or employee, defendant Dr. Ansel. In response to the complaint, ALICO filed preliminary objections in which it (1) moved for a more specific pleading as to its alleged agency relationship with

Ansel, (2) moved to strike appellant's complaint for failure to attach a copy of the insurance policy as required by Pa.R.C.P. 1019(h), (3) moved to strike appellants' complaint on the ground that the action was preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, and (4) demurred generally. The trial court sustained ALICO's preliminary objections based on (1) its conclusion that appellants had failed to sufficiently plead, pursuant to Pa.R.C.P. 1019, an agency relationship between ALICO and Dr. Ansel, and (2) its conclusion that ERISA preempted the stated causes of action as to ALICO.

■ We note initially that the present appeal is properly before this Court. Although the grant of the preliminary objections filed by ALICO does not terminate the litigation, it effectively terminated the litigation against ALICO and is, therefore, appealable. *See: Rossi v. Pennsylvania State University*, 340 Pa.Super. 39, 44, 489 A.2d 828, 831 (1985).

The standard of review which we apply when examining a challenge to an order sustaining preliminary objections in the nature of a demurrer is well-settled:

All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purposes of this review.] *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). Where doubt exists as to whether a demurrer should be sustained this doubt should be resolved in favor of overruling it. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A.2d 472 (1960).

*Mahoney v. Furches*, 503 Pa. 60, 66, 468 A.2d 458, 461–462 (1983), *quoting Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232–1233 (1983). *Accord: Kyle v. McNamara & Criste*, 506 Pa. 631, 634, 487 A.2d 814, 815 (1985); *Judge v. Allentown and Sacred Heart*

*Hospital Center,* 506 Pa. 636, 639, 487 A.2d 817, 818 (1985). *See also: Baker v. Magnetic Analysis Corp.,* 347 Pa.Super. 188, 192, 500 A.2d 470, 472 (1985).

Appellants initially contend that the trial court erred in concluding that they had not sufficiently pleaded the existence of an agency relationship between ALICO and Dr. Ansel, so as to permit a finding that ALICO was vicariously liable for the acts of Ansel. Appellants, in their complaint, set forth, *inter alia* the following averments:

4. At all times material hereto, defendant, Dr. David G. Ansel held himself out as a skillful and competent physician specializing in disorders of the ears, nose and throat.

5. At all times material hereto, defendant, Amalgamated Life Insurance Company provided medical insurance coverage for plaintiff, Joseph N. DeGenova.

6. On or about April 14, 1986, plaintiff, Joseph N. DeGenova was diagnosed as having a nasal growth which thereafter required that he enter the hospital for surgical removal and evaluation of the growth and post-surgical care.

7. As a condition of plaintiff's insurance contract with defendant, Amalgamated Life Insurance Company, Amalgamated sent plaintiff to defendant, David G. Ansel, M.D. for an evaluation of plaintiff's medical condition.

8. Defendant, David G. Ansel, M.D., was selected solely by the defendant, Amalgamated Life Insurance Company.

9. Defendant, David Ansel, M.D., at all times material hereto, acted as the agent, servant, employee and/or ostensible agent of defendant, Amalgamated Life Insurance Company.

10. On May 23, 1986, defendant David G. Ansel, M.D. removed the growth from the plaintiff's left nostril while plaintiff was being examined in defendant's office.

11. At no time prior to the aforesaid procedure was plaintiff ever informed, advised or told by defendant Dr. Ansel that he intended to remove the growth.

12. At no time prior to the aforesaid procedure were the risks of removing the growth disclosed to plaintiff nor did

plaintiff at any time prior thereto authorize or consent to any such procedure.

13. At no time prior to performing the procedure on plaintiff on May 23, 1986, did defendant David Ansel obtain a medical history on the plaintiff or advise him of alternative modes of treatment.

14. At no time subsequent to removing the growth did defendant Dr. Ansel analyze the growth or submit it for laboratory examination.

15. Defendant David Ansel discarded the tissue/growth which he removed from the plaintiff.

Rule 1019 outlines the fashion in which a cause is to be pleaded:

The material facts on which a cause of action ... is based, shall be stated in a concise and summary form....

Averments of time, place and items of special damage shall be specifically stated.

Pa.R.C.P. 1019(a), (f).

■ When all reasonable inferences of the foregoing provisions of the complaint are taken as true, we find that the averments as to the existence of an agency relationship between ALICO and Ansel are sufficient to comply with the requirements of Pa.R.C.P. 1019. Appellants alleged (1) that ALICO required the visit to a second physician, (2) that ALICO selected the physician and scheduled the visit with Dr. Ansel, and (3) that Dr. Ansel was the agent, employee, servant or ostensible agent of ALICO. "[A]n averment of agency is a fact that is admitted for purposes of a demurrer rather than a conclusion of law." *Line Lexington Lumber and Millwork Co. v. Pennsylvania Publishing Co.*, 451 Pa. 154, 301 A.2d 684, 689 (1973). As such dismissal of appellant's claim against ALICO at the preliminary objection stage of the pleadings was unwarranted. *See also: Boyd v. Albert Einstein Medical Center*, 377 Pa.Super. 609, 620, 547 A.2d 1229, 1235 (reversed summary judgment finding a sufficient question of law existed as to ostensible agency relationship between doctor and insurer.); *Aiello v. Ed*

*Saxe Real Estate, Inc.,* 508 Pa. 553, 558, 499 A.2d 282, 285 (1985).

■ Appellants next argue that the court erred in concluding that their state law claims are preempted by ERISA, 29 U.S.C. §§ 1001–1461. Section 514(a) of ERISA provides:

The provisions of this title and Title IV shall supersede any and all state laws insofar as they may now or hereafter *relate to* any employee benefit plan.... 29 U.S.C. § 1144(a) (emphasis supplied).

The preemptive provision of ERISA was meant to establish pension plan legislation as an exclusively federal concern, reserving for the federal government the sole power to regulate the field of employee benefit plans. *McMahon v. McDowell,* 794 F.2d 100, 106 (3rd Cir.1986). While the statutory scheme provides the government with broad powers to regulate employee pension plans, "ERISA is not all encompassing." *Lane v. Goren,* 743 F.2d 1337, 1339 (9th Cir.1984). The test to determine if a cause of action is preempted by ERISA remains whether or not the action "relates to" ERISA, and is not merely remotely related to the act. *Shaw v. Delta Air Lines Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

In the present case, we find that the appellants' state law claims do not "relate to" ERISA and, therefore, are not preempted by the statute. Initially we observe that appellants are not seeking ERISA benefits or claiming improper distribution or administration of potential ERISA benefits. In addition, appellant, if these claims were found to be preempted by ERISA, would not be able to bring a similar civil action under ERISA, *see* 29 U.S.C. § 1132(a), and would have no remedy whatsoever against ALICO. The only relation appellants' claims have to ERISA is that the employee benefit insurance contract required appellant Joseph N. DeGenova to submit to an examination by a second physician in order to have his medical bills for the proposed surgery covered by ALICO. The claims of both Joseph and Rita DeGenova are in tort for personal injuries and are not

related to employee benefits or to the second opinion requirement of the health plan. Consequently, since appellants' claims are only remotely related to ERISA, it cannot be said that Congress intended to preempt such actions when enacting the statute.

■ Finally, ALICO argues that appellants' complaint should be stricken for failure to attach a copy of the insurance policy, as required by Pa.R.C.P. 1019(h). Appellants' claims, however, are in tort, and are not based upon the contract of insurance. The contract, therefore, was not required to be attached to the complaint pursuant to Rule 1019(h).

Accordingly, we reverse the order of the trial court which sustained appellee's preliminary objections and dismissed appellants' complaint against ALICO. Case remanded. Jurisdiction relinquished.