554 A.2d 989

VINTAGE HOMES, INC., Appellant

v.

Gloria B. LEVIN and Daniel Promislo and Alan Weinstein, Executors of the Estate of Leonard Gordon, and as Co–Partners, T/A Trout Lake Associates.

VINTAGE HOMES, INC.

v.

Gloria B. LEVIN and Daniel Promislo and Alan Weinstein, Executors of the Estate of Leonard Gordon, and as Co–Partners, T/A Trout Lake Associates.

Appeal of Gloria B. LEVIN.

VINTAGE HOMES, INC.

v.

Gloria B. LEVIN and Daniel Promislo and Alan Weinstein, Executors of the Estate of Leonard Gordon, and as Co–Partners, T/A Trout Lake Associates.

Appeal of Daniel PROMISLO and Alan Weinstein, Executors of the Estate of Leonard Gordon, and as Co–Partners T/A Trout Lake Associates.

Superior Court of Pennsylvania.

Argued Nov. 17, 1988.

Decided Feb. 22, 1989.

John B. Dunn, Stroudsburg, for appellant (at 1666) and for Vintage, appellee (at 1682 and 2366).

Joan R. Sheak, Allentown, for appellant (at 1682) and for Levin, appellee (at 1666 and 2366).

Martha Johnston, Philadelphia, for appellant (at 2366) and for Promislo, appellees (at 1666 and 1682).

Before BECK, JOHNSON and MELINSON, JJ.

JOHNSON, Judge:

Appellant Vintage Homes, Inc., (Vintage) and appellees Gloria B. Levin, Daniel Promislo and Alan Weinstein trading as a partnership, Trout Lake Associates (Trout Lake), cross-appeal from the order that grants Trout Lake's motion for summary judgment and that sustains Vintage's demurrer to Trout Lake's counterclaim. We affirm the grant of summary judgment but reverse the sustainment of the demurrer.

Vintage and Trout Lake entered into negotiations for the sale of a parcel of land in Jackson Township, Monroe County, Pennsylvania owned by Trout Lake. An agree-

ment of sale was prepared, which was signed by Vintage and by a Coldwell–Banker agent, Phyllis Rubin, but it was not signed by any of the sellers. Phyllis Rubin was never authorized to sign an agreement on the sellers' behalf.

Vintage began this action on September 10, 1987 by filing a Writ of Summons against Trout Lake and a lis pendens against the property in question. Trout Lake petitioned the court to strike the lis pendens on September 29, 1987, which, after hearing, the court did on November 30, 1987. In the meantime, on October 30, 1987, Vintage filed a complaint demanding specific performance of the alleged agreement of sale between themselves and Trout Lake, attached to which was the alleged agreement. The Trout Lake partners responded to the complaint individually. Promislo and Weinstein filed an Answer, New Matter and Counterclaim on November 24, 1987 and Levin filed a similar pleading on December 4, 1987. Both pleadings alleged as new matter the non-existence of an agreement of sale and the lack of authorization to any individual to act as agent for the Trout Lake partners in a transaction for the sale of the property. The Trout Lake partners also counterclaimed, alleging that the lis pendens listing caused them to lose a sale of the property to a third party.

Vintage failed to reply, and on January 5, 1988 Levin entered Rule 237.1 notice of her intention to take a default judgment. On January 14, 1988 Vintage filed preliminary objections to the counterclaims, alleging that they stated no cause of action. Vintage, however, took no action on their preliminary objections, and therefore Levin filed a motion for summary judgment on February 12, 1988. Following Vintage's petition to defer consideration of the motion for summary judgment and Levin's answer to this petition, both the preliminary objections and the motion for summary judgment were argued.

On April 20, 1988 The Honorable Peter J. O'Brien granted Levin's motion for summary judgment. The trial court stated that there was no writing signed by the sellers and thus the Statute of Frauds barred enforcement of the

contract for sale. The court also sustained Vintage's preliminary objections to the counterclaim by Trout Lake that it incurred damage because the listing of the property as lis pendens dissuaded a third party from purchasing the property. The court relied on the fact that the lis pendens had been stricken on November 30, 1987 and thus no damage could have been incurred. Both parties have cross-appealed.

Vintage presents the following issues for our review:

I.   Can a motion for summary judgment be considered and granted before pleadings are closed, i.e., before plaintiff has had an opportunity to reply to a defense raised in new matter?

II.  May a defendant be equitably estopped from asserting the Statute of Frauds as a defense?

III. If consideration of a summary judgment motion is *not* premature, do the pleadings and other papers filed in the court below support the conclusion that there is no genuine issue of material fact with respect to the plaintiff's claim for specific performance of a contract to convey real estate and with respect to defendants' counterclaims for disparagement of title and tortious interference with business relationship?

First, Vintage asserts that the court should not have decided the motion for summary judgment before it had disposed of the preliminary objections and before Vintage replied to the new matter. Vintage acquiesced in the trial court's consideration of these issues on the merits, even though it had neither replied to the new matter on the summary judgment issue, nor briefed nor set argument on the preliminary objections. Vintage then argued the merits of both the summary judgment issues and the preliminary objection issues. By not objecting to the court's course of action and by presenting the merits of the issues to the court, Vintage has waived any objection to the non-filing of prerequisite pleadings. This comports with previous holdings by this Court that a court may proceed to the merits of

a case once preliminary issues are resolved, notwithstanding that all responsive pleadings regarding these issues were not filed before the court did so. *See Reddick v. Puntureri*, 242 Pa.Super. 138, 363 A.2d 1198 (1976).

The procedural history of the case underscores why waiver is in order. Vintage presents no argument demonstrating that it was prevented from filing a reply during the four months between the filing of Levin's answer, new matter and counterclaim on December 4, 1987 and the hearing of April 4, 1988. The record demonstrates that Vintage received timely notice of all pleadings filed. The only action taken by Vintage during this entire four-month period was its March 8, 1988 filing of a petition to defer consideration of the motion for summary judgment. At no time did Vintage ask the court for leave to file briefs nor did Vintage in any other manner address the preliminary objections. After Levin's answer to Vintage's petition to defer consideration, Vintage filed nothing.

■ The trial court's ordering the issues for argument on the merits was an entirely proper response to the inexcusable delay on Vintage's part. Vintage was not precluded from presenting its case. Vintage has cited no authority, nor do we find any, that proscribes the court's consideration of both the preliminary objections and the motion for summary judgment at the same hearing. Further, we recognize that, had this issue not been waived, we would hold that Vintage's failure to reply to Levin's new matter within twenty days in effect closed the summary judgment pleadings. Pa.R.C.P. 1029(b); *Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc.*, 401 Pa. 337, 164 A.2d 215 (1960).

■ Next we consider whether the pleadings established that there was no genuine issue of material fact supporting Vintage's demand for specific performance of the alleged contract for sale. We agree with the trial court that because the agreement of sale was not signed by the sellers and because no evidence existed demonstrating that the Coldwell–Banker agent was authorized to act for the sell-

ers, no written instrument existed memorializing the contract. Thus, enforcement of the agreement for sale of the real estate is precluded by the Statute of Frauds. The Opinion of April 20, 1988 by the Honorable Peter J. O'Brien competently analyzes this issue and correctly resolves it. We therefore adopt the opinion of the trial court as our own on this issue.

■ Vintage argues that, even if it were found that the Statute of Frauds renders the purported agreement of sale unenforceable, the Trout Lake partners must be equitably estopped from asserting the Statute of Frauds defense. The argument section of the brief sets forth two grounds for estoppel. The first is actually a claim that the Trout Lake partners waived a Statute of Frauds defense because it was not pleaded in new matter pursuant to Pa.R.C.P. § 1030. To the contrary, partner Levin's new matter alleges that the agreement of sale attached to the complaint was signed by a Coldwell–Banker agent and by Vintage but not by any Trout Lake partner or any authorized agent of the partners. Further, the new matter stated that at all relevant times Vintage knew it had no written agreement to purchase Trout Lake from defendants. The Trout Lake partners did not waive the Statute of Frauds defense.

■ Vintage further maintains that Trout Lake should be equitably estopped from asserting the statute of frauds defense because Vintage detrimentally relied upon the agreement of sale. This argument is entirely without merit. The courts of this Commonwealth have carved out an exception to the application of the Statute of Frauds to be applied only to situations in which continuous and exclusive possession of the property was taken under the oral contract and improvements were made by the buyer which are not readily compensable in money. *See Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247 (1988). In *Hostetter*, this Court held that the evidence of possession and substantial improvements to a home was sufficient to take the contract out of the Statute of Frauds and that a refusal to enforce the contract would be inequitable and unjust.

This judicially created exception to the necessity of a writing memorializing the agreement for sale of real estate is not intended to apply to the situation in the present case. Vintage never took possession of the property or acted in any way that demonstrated that they believed title to be theirs; Vintage never made improvements to the property. They allege no expenses incurred in reliance on the seller's representations, nor do they allege that the sellers made misrepresentations to them. As the trial court wrote, Vintage's claim is merely an effort to recoup expenses from a period of negotiation that almost, but not quite, resulted in a contract. Opinion, 4/30/88 at 4. This situation clearly does not warrant application of the equitable remedy of estopping the seller from asserting the Statute of Frauds.

Finally, on cross appeal, Trout Lake argues that it was error for the trial court to sustain Vintage's preliminary objections to their counterclaim. We agree.

A preliminary objection in the nature of a demurrer is an assertion that a pleading fails to set forth a cause of action upon which relief can be granted. *Balsbaugh v. Rowland*, 447 Pa. 423, 290 A.2d 85 (1972). The preliminary objection should be overruled if the allegations of the complaint state a cause of action under any theory of law. *Packler v. State Employes' Retirement Board*, 470 Pa. 368, 368 A.2d 673 (1977). When reviewing the lower court's sustaining of a preliminary objection in the nature of a demurrer, all facts set forth in the challenged complaint must be accepted as true as well as all inferences reasonably deducible from these facts. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983). A case should be dismissed on preliminary objections only where the dismissal is clearly warranted and free from doubt. *Interstate Traveller Services, Inc. v. Commonwealth Department of Environmental Resources*, 486 Pa. 536, 406 A.2d 1020 (1979).

Levin's counterclaim alleged that on September 10, 1987, Vintage Homes, knowing that it did not have an agreement with the Trout Lake partners, nevertheless had the property in question listed as lis pendens, that the Trout

Lake partners were prepared to enter into an agreement to sell the property to a third party and that the closing was scheduled for September 14, but that because of the lis pendens, the closing did not occur. Levin alleged that, as a result of the failure of the deal, the Trout Lake partners incurred loss of profit on the sale of the property, loss of interest on the sale proceeds, and continuing expenses, including operation costs, maintenance and legal expenses. Generally, a lis pendens is the jurisdiction, power or control which a court acquires over property involved in a suit until a final judgment is rendered with respect to the property. *United States National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985). While listing property as lis pendens does not create an actual lien, it serves to give notice to third parties that the property is subject to litigation and that any interest acquired by the third party will be subject to the result of the litigation. *Psaki v. Ferrari*, 377 Pa.Super. 1, 546 A.2d 1127 (1988).

▆▆▆▆ Interference with a prospective business relation is a tort long recognized by the courts of this Commonwealth. *Thompson Coal Company v. Pike Coal Company*, 488 Pa. 198, 412 A.2d 466 (1979). Although Levin's counterclaim does not thus title the tort, the allegations comprise the substance of this tort. Causing the property to be listed as lis pendens could very well have discouraged a prospective buyer from completing a deal to purchase the property. The following four elements must appear in the complaint pleading interference with a prospective business relation:

(1) a prospective contractual relation;

(2) the purpose or intent to harm the plaintiff by preventing the relation from occurring;

(3) the absence of privilege or justification on the part of the defendant; and

(4) the occasioning of actual damage resulting from the defendant's conduct.

*Thompson*, 488 Pa. at 208, 412 A.2d at 471. Levin's counterclaim alleges all of these elements. However, in its opinion the trial court stated that because the lis pendens

was struck on November 30, the Trout Lake partners could not complain of any harm it caused them. This finding is in error. The damage alleged occurred well before the November 30 striking of the lis pendens. In addition, the trial court's opinion states that Vintage had a privilege or justification for causing the property to be listed as lis pendens, that Vintage justifiably believed that they had a claim to the title of the property. This finding flatly contradicts the trial court's principal finding, that no agreement of sale existed because the alleged agreement was not signed by the seller. In fact, the trial court makes this very point, that Vintage had no arguable right to the property, in its well-reasoned opinion of November 30, 1987 accompanying the order striking the lis pendens. Therefore, the trial court erred in finding that Levin's counterclaim stated no cause of action.

Accordingly, we reverse the trial court's sustainment of Vintage's preliminary objections and thus enable the action to proceed on the Trout Lake partners' counterclaim for damages due to tortious interference with a prospective business relation. We affirm the trial court's order granting summary judgment to Trout Lake.

Order reversed in part, affirmed in part. Case remanded. Jurisdiction relinquished.