570 A.2d 1065

**Mark David FRANKEL and Christine S. Frankel, Husband and Wife, Appellants,**

**v.**

**NORTHEAST LAND COMPANY, Curt D. Miller and Cynthia Miller, Husband and Wife and Jefferson Bank, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 2, 1989.

Filed Feb. 27, 1990.

228

Lewis H. Markowitz, York, for appellants.

William Z. Scott, Jr., Lansford, for Miller and Jefferson Bank, appellees.

Before WIEAND, POPOVICH and HOFFMAN, JJ.

WIEAND, Judge:

In this action for specific performance of a contract for the sale of a condominium and for the recovery of consequential damages, the trial court dismissed counts of the complaint against a subsequent grantee and mortgagee who allegedly had acquired their respective interests with knowledge of the prior agreement to sell the condominium and the pending action to enforce the agreement. We reverse. However, we affirm the dismissal of a separate count of the complaint seeking to recover additional damages on grounds that the conduct of the subsequent purchaser and mortgagee constituted the tort of malicious interference with contract.

Mark and Christine Frankel commenced an action in equity against Northeast Land Company to enforce an alleged agreement for the sale of a condominium, Unit F–199 at Midlake, on Big Boulder Lake, in Kidder Township, Carbon County. The action was indexed as lis pendens. While the action was pending, Northeast Land Company conveyed the condominium to Curt and Cynthia Miller, who obtained mortgage financing to complete the transaction from Jefferson Bank. An amended complaint was thereafter filed, with court permission, which named Northeast Land Company, the Millers and Jefferson Bank as defendants. Preliminary objections in the nature of a demurrer to the amended complaint were filed by the Millers and the Bank, in which they asserted that the alleged agreement of sale had not been signed by Northeast Land Company and that, in any event, they were not parties to the agreement and could not be subjected to a decree specifically enforcing the same. The trial court, without opinion, dismissed the counts of the amended complaint which alleged causes of action against the Millers and Jefferson Bank. The Frankels appealed.

The trial court's order has effectively terminated appellants' cause of action against the Millers and the Bank. The court's order, therefore, is appealable. *DeGenova v. Ansel*, 382 Pa.Super. 213, 216, 555 A.2d 147, 148–149 (1988);

*Rossi v. Pennsylvania State Univ.*, 340 Pa.Super. 39, 43–44, 489 A.2d 828, 831 (1985).

A demurrer tests the legal sufficiency of the complaint. *Mudd v. Hoffman Homes for Youth, Inc.*, 374 Pa.Super. 522, 524, 543 A.2d 1092, 1093 (1988). As the Supreme Court has stated:

> A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. *Buchanan vs. Brentwood Federal Savings and Loan Association*, 457 Pa. 135, 320 A.2d 117 (1974); *Borden v. Baldwin*, 444 Pa. 577, 281 A.2d 892 (1971); *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970). In order to sustain the demurrer, it is essential that plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. *Hoffman vs. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970); *Schott vs. Westinghouse Electric Corp.*, 436 Pa. 279, 259 A.2d 443 (1969); *Papieves v. Lawrence, supra.* If there is any doubt, this should be resolved in favor of overruling the demurrer. *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970).

*Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 623, 470 A.2d 86, 91 (1983), quoting *Gekas v. Shapp*, 469 Pa. 1, 5–6, 364 A.2d 691, 693 (1976). See also: *Creeger Brick v. Mid–State Bank*, 385 Pa.Super. 30, 30–31, 560 A.2d 151, 152 (1989); *McGaha v. Matter*, 365 Pa.Super. 6, 8, 528 A.2d 988, 989 (1987).

Appellants' amended complaint contains averments of a written agreement of sale entered between appellants and Northeast Land Company. A copy of the agreement is attached to the complaint. The attached copy contains the signatures of Mark and Christine Frankel, but it does not disclose that the agreement was executed by or on behalf of Northeast Land Company. An addendum to the agreement, however, has been signed by D. Anne Sincavage, who is represented to be the Assistant Vice President of Northeast

Land Company. Whether this signature was intended to be an execution of the entire sales agreement is not clear from the pleadings and will be the subject of proof at the time of trial. For purposes of deciding the preliminary objections filed by the Millers and Jefferson Bank, however, the trial court was required to accept the averments of the amended complaint that Northeast Land Company had entered an agreement to sell the condominium to the Frankels.

Similarly, the trial court could not determine as a matter of law that appellants' action for specific performance was barred by the Statute of Frauds.[1] "To say that a possible affirmative defense exists to a complaint is not to say that such a complaint is legally insufficient on its face." *Goldman v. McShain*, 432 Pa. 61, 72–73, 247 A.2d 455, 461 (1968). A possible failure to comply with the statute of frauds is not grounds for sustaining a preliminary objection in the nature of a demurrer. *Shoup v. Shoup*, 469 Pa. 165, 172, 364 A.2d 1319, 1323 (1976).

Appellees argue that specific performance cannot be ordered against persons who are not parties to the sales contract. This is not correct. The law is clear that, "[a] party who purchases real estate with notice that his grantor has a prior obligation to convey to another is subject to an action for specific performance by a prior purchaser." *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 503, 450 A.2d 36, 37–38 (1982). See also: *Marshall Construction Company, Inc. v. Forsyth*, 359 Pa. 8, 10–11, 57 A.2d 902, 903 (1948); *Sidle v. Kaufman*, 345 Pa. 549, 557, 29 A.2d 77, 82 (1942). In their amended complaint, appellants aver that at the time the Millers and the Bank acquired their interests, a lis pendens had been indexed against the property. A lis pendens serves to give notice to third parties that the property is subject to litigation and that any interest acquired by the third party will be subject to the result of the litigation. *Vintage Homes, Inc. v. Levin*, 382 Pa.Super. 146, 155, 554 A.2d 989, 994 (1989),

1. See: Act of March 21, 1772, 33 P.S. § 1.

citing *Psaki v. Ferrari,* 377 Pa.Super. 1, 546 A.2d 1127 (1988), *allocatur denied,* 522 Pa. 578, 559 A.2d 39 (1989). In this case, it is abundantly clear from the averments of the complaint that appellees acquired their respective interests in the real estate with actual or constructive notice that appellants were claiming a prior interest in the same real estate. Thus, Count III of the amended complaint states a valid cause of action against the Millers and the Bank.

■ Pa.R.C.P. 2229(e) provides that "[i]n an action to adjudicate title to or an interest in real ... property ... (2) any person whose claim is adverse to that of a plaintiff may be joined as a defendant." In the instant case, both the Millers and Jefferson Bank have an interest in the condominium which is adverse to the claim being asserted by the appellants. If it should be determined ultimately that appellants are entitled to specific performance of the alleged sales agreement, the Millers and Jefferson Bank will be deprived of their interest in the condominium in order to provide appellants with a complete remedy. Therefore, it was eminently correct that they were joined as parties defendant in this action.

Because the trial judge wrote no opinion to explain the reason for his order, we cannot be certain why he dismissed the Millers and the Bank as parties defendant from appellants' action for specific performance. The appellees, however, have been unable to demonstrate any good reason for the trial court's summary disposition of this cause of action, and our review discloses no justification for the trial court's order dismissing appellees from the action. We conclude, therefore, that the trial court erred when it summarily dismissed Count III of appellants' amended complaint.

■ Count IV of the complaint states a cause of action against the Millers alone for money damages to compensate appellants for lost rentals. The general rule is that a purchaser with notice of a prior equity in the same property must not only release legal title but must also account for rents and profits. 92 C.J.S. Vendor and Purchaser § 319(g)

(1955). See: *Easton Theatres v. Wells Fargo*, 265 Pa.Super. 334, 351, 401 A.2d 1333, 1342 (1979) (in action for specific performance, vendor must account to purchaser for deprivation of use, as well as for consequential losses). Appellants' averment that the Millers took legal title with notice of the pending action for specific performance is a sufficient basis on which to base a cause of action for the fair rental value of the condominium.

Moreover, the rule that equity lacks jurisdiction to award damages for tortious or illegal acts is subject to the exception that when equitable jurisdiction has attached, equity has jurisdiction to grant a complete remedy. *Cedarbrook Realty, Inc. v. Nahill*, 484 Pa. 441, 446 n. 2, 399 A.2d 374, 376 n. 2 (1979); *Fountain Hill Underwear Mills v. Amalgamated Clothing Workers of America*, 393 Pa. 385, 393 n. 8, 143 A.2d 354, 359 n. 8 (1958). In the instant case, the trial court had jurisdiction to grant specific performance and also to award damages, if any, which appellants might be entitled to recover if the Millers' possession of the premises was wrongful. Therefore, the trial court erred when it sustained a demurrer to Count IV of the complaint.

The Supreme Court of Pennsylvania has adopted the provisions of the Restatement (Second) of Torts, § 766 and has made them a part of the law of this Commonwealth. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 207, 412 A.2d 466, 470 (1980), citing *Adler, Barish, Daniels, Levin & Creskoff v. Epstein*, 482 Pa. 416, 429–433, 393 A.2d 1175, 1181–1182 (1978). Section 766 of the Restatement is as follows:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Appellants aver generally in Count V of their amended complaint that because the Millers and Jefferson Bank knew or should have known of the lis pendens notice, they are liable additionally for tortious interference with appellants' contractual rights.[2] This averment is inadequate to state a cause of action for tortious interference with a contract for the sale of real estate. "One does not induce another to commit a breach of contract with a third person under the rule stated in [Section 766 of the Restatement (Second) of Torts] when he merely enters into an agreement with knowledge that the other cannot perform both it and his contract with the third person." *Id.* Comment n. "[I]n the case of a contract for the sale of land, the purchaser acquires an equitable interest good against subsequent transferees of the vendor who are not bona fide purchasers." *Id.* Therefore, "the rules relating to the protection of [the purchaser's] interest against subsequent transferees are not within [the tort defined by Section 766 of the Restatement (Second) of Torts]." *Id.*[3]

Appellants' remedy, if they prove their cause of action against appellees, has been properly stated in Counts III and IV of their amended complaint. They do not have an additional cause of action against the Millers and Jefferson Bank for tortious interference with their contract with Northeast Land Company. Because they have failed to allege facts stating a cause of action for an intentional interference with contract, the order dismissing Count V of the amended complaint will be affirmed.

The order of the trial court which sustained a preliminary objection in the nature of a demurrer to Count V of appel-

**2.** In their briefs to this court, both parties discuss the elements of the tort of wrongful interference with a prospective contract. There is no averment in the amended complaint regarding a prospective contractual relationship. Plaintiffs have alleged the existence of a present contract; and, therefore, we decide only the sufficiency of the amended complaint to allege a cause of action for tortious interference with an existing contract.

**3.** The Restatement rule also does not impose liability for *negligently* causing a third person not to perform a contract with another. See: Restatement (Second) of Torts § 766C.

lants' amended complaint is affirmed. The order sustaining preliminary objections in the nature of a demurrer to Counts III and IV of the amended complaint, however, is reversed; and the case is remanded to the trial court for further proceedings consistent with this opinion. Jurisdiction is not retained.