408 Pa. Superior Ct. 301 (1991)
596 A.2d 867
KELLY-SPRINGFIELD TIRE COMPANY, Appellant,
v.
Dominic D'AMBRO and Stradley, Ronon, Stevens & Young, Appellees.
Superior Court of Pennsylvania.
Argued April 3, 1991.
Filed September 6, 1991.
*303 Francis L. White, Jr., Philadelphia, for appellant.
David H. Marion, Philadelphia, for appellee.
Before WIEAND, OLSZEWSKI and BROSKY, JJ.
WIEAND, Judge:
This appeal requires that we review the averments of an amended complaint to determine whether they are sufficient to state causes of action against a lawyer for wrongful use of civil process and intentional interference with a prospective contractual relationship.[1] After careful review, we conclude that causes of action have been adequately stated; and, therefore, we reverse the order of the trial court which sustained preliminary objections in the nature of a demurrer.
A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom. McGaha v. Matter, 365 Pa.Super. 6, 8, 528 A.2d 988, 989 (1987); Pike County Hotels, Corp. v. Kiefer, 262 Pa.Super. 126, 133, 396 A.2d 677, 681 (1978). It tests the legal sufficiency of the challenged complaint and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief may be granted. Mudd v. Hoffman Homes for Youths, Inc., 374 Pa.Super. 522, 524, 543 A.2d 1092, 1093 (1988). If there is any doubt as to whether a claim for relief has been stated, the trial court should resolve it in favor of overruling the demurrer. Mull v. Kerstetter, 373 Pa.Super. 228, 229-230, 540 A.2d 951, 951 (1988).
*304 Creeger Brick v. Mid-State Bank, 385 Pa.Super. 30, 32-33, 560 A.2d 151, 152 (1989).
The following facts can be discerned from the amended complaint. By agreement dated January 4, 1988, Kelly-Springfield Tire Company agreed to sell and Dominic D'Ambro agreed to buy a warehouse and thirty acres of land situated on Lee Boulevard in Frazer, Chester County. A consideration of ten million ($10,000,000) dollars was payable on or before April 4, 1988. On April 8, 1988, the closing date was extended to May 5, 1988, in exchange for the agreed payment of an additional eighty thousand ($80,000) dollars. The transaction was not closed, however, and on May 26, 1988, Kelly-Springfield notified D'Ambro and his lawyers, Stradley, Ronon, Stevens and Young, that the agreement was in default, that a down payment of one hundred thousand ($100,000) dollars would be retained as liquidated damages, and that the additional consideration of eighty thousand ($80,000) dollars was due and owing.
On July 20, 1988, Stradley, Ronon filed an action on behalf of the buyer and caused the same to be listed as lis pendens in Chester County. The suit requested specific performance of the sales agreement and/or money damages. Kelly-Springfield moved to strike the lis pendens, and a hearing thereon was set. On August 3, 1988, two weeks before hearing, the pending action and lis pendens were voluntarily withdrawn.
On the following day, Stradley, Ronon filed a new complaint, containing substantially the same averments, in the United States District Court for the Eastern District of Pennsylvania and again caused the action to be marked lis pendens. This action was finally terminated on November 17, 1988, when the court granted summary judgment in favor of Kelly-Springfield.
The present action by Kelly-Springfield against D'Ambro and Stradley, Ronon followed. The amended complaint now before this Court contains five counts. Three of the five counts are against D'Ambro and assert a breach of contract. The third and fourth counts of the amended complaint *305 are against D'Ambro and Stradley, Ronon and allege causes of action for wrongful use of civil process and intentional interference with prospective contractual relationships. Preliminary objections in the nature of a demurrer to Counts 3 and 4 were filed by Stradley, Ronon and sustained by the trial court.[2]
Wrongful use of civil process is a cause of action which is defined by statute in Pennsylvania. The elements thereof are stated at 42 Pa.C.S. § 8351(a) as follows:
§ 8351. Wrongful use of civil proceedings
(a) Elements of action.  A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:
(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
(2) The proceedings have terminated in favor of the person against whom they are brought.
From this it is apparent that a cause of action for wrongful use of civil proceedings requires a plaintiff to allege and prove the following three elements: (1) that the underlying proceedings were terminated in favor of the plaintiff; (2) that the defendant caused those proceedings to be instituted without probable cause; and (3) that the proceedings were instituted primarily for an improper purpose. Shaffer v. Stewart, 326 Pa.Super. 135, 140, 473 A.2d 1017, 1020 (1984); Junod v. Bader, 312 Pa.Super. 92, 95, 458 A.2d 251, 253 (1983).
A lawyer of record has probable cause for initiating a civil action if he believes "in good faith that his ... initiation... of a civil cause is not intended to merely harass or maliciously injure the opposite party." 42 Pa.C.S. *306 § 8352(3). The potential liability of the lawyer is discussed in the comment to Section 674 of the Restatement (Second) of Torts as follows:
"An attorney who initiates a civil proceeding on behalf of his client[,] ... even if he has no probable cause and is convinced that his client's claim is unfounded, ... is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim. (See § 676). An attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.
If, however, the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, as, for example, to put pressure upon the person proceeded against in order to compel payment of another claim of his own or solely to harass the person proceeded against by bringing a claim known to be invalid, he is subject to the same liability as any other person."
In the instant case it is clear that all civil proceedings instituted by Stradley, Ronon were terminated in favor of Kelly-Springfield. Indeed, when one examines the facts surrounding D'Ambro's default in performing his contract to buy Kelly-Springfield's warehouse property, it is readily apparent that D'Ambro had no cause of action for specific performance of the contract or for damages resulting from the termination thereof. Our review of the instant complaint for wrongful use of civil process, therefore, must focus upon the sufficiency of averments that Stradley, Ronon acted without probable cause and for an improper purpose.
Paragraph 37 of the Amended Complaint is as follows:
37. Defendants initiated and continued the Chester County and Federal proceedings primarily for a purpose other than that of securing the proper adjudication of *307 D'Ambro's rights under the Agreement. Defendants initiated and continued the Chester County and Federal proceedings against Kelly with malice, i.e. with the improper motive of blocking Kelly from transferring the property to a third party and of attempting to force Kelly to transfer the property to D'Ambro despite the fact that Defendants knew that D'Ambro had defaulted and had no rights to ownership in the property.
On its face, this would seem to be an adequate averment that Stradley, Ronon acted without probable cause and for an improper purpose. The allegation is not merely that the lawyers acted to obtain a good faith adjudication of D'Ambro's rights, as appellees argue and the trial court found. Rather, the charge is that, with knowledge that their client had defaulted in his agreement to purchase, the lawyers acted to prevent Kelly-Springfield from selling to a third person and to force Kelly-Springfield to deal with D'Ambro by subjecting the property to encumbering litigation. This is an averment which is sufficient to state a cause of action for wrongful use of civil process.
In addition, the complaint contains averments of fact from which an intent to harass can be inferred. Thus, when the Chester County action was about to be heard, Stradley, Ronon and D'Ambro discontinued the action and started a new action in the federal courts and again caused it to be marked as lis pendens. If this was done without probable cause to bring the underlying action, an intent to harass can be inferred from the facts asserted. This is recognized by Section 679 of the Restatement (Second) of Torts where, in a special application of Section 674, the American Law Institute has stated:
One who repeatedly initiates civil proceedings against another for the same cause of action is subject to liability for the harm caused thereby, if
(a) the proceedings are initiated without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim on which the proceedings are based, and

*308 (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.
The liability contemplated by this section of the Restatement includes the situation "when the plaintiff in the original action, having brought the action, abandons it and thereafter begins a second or further action for the same cause." Restatement (Second) of Torts, § 679, comment c.
For the foregoing reasons, we conclude that the averments contained in appellant's amended complaint are sufficient to state a cause of action against Stradley, Ronon for wrongful use of civil process. Therefore, the trial court erred when it summarily dismissed the complaint. The complaint is sufficient to require Stradley, Ronon to respond, at which time they can properly assert any defense which they may have to the cause of action alleged by Kelly-Springfield.
Appellant has also stated a cause of action against Stradley, Ronon for tortious interference with Kelly-Springfield's prospective business relations. The elements of such a cause of action were identified in Vintage Homes, Inc. v. Levin, 382 Pa.Super. 146, 554 A.2d 989, allocatur denied, 524 Pa. 622, 571 A.2d 384 (1989), as follows:
(1) a prospective contractual relation;
(2) the purpose or intent to harm the plaintiff by preventing the relation from occurring;
(3) the absence of privilege or justification on the part of the defendant; and
(4) the occasioning of actual damage resulting from the defendant's conduct.
Id., 382 Pa.Superior Ct. at 155, 554 A.2d at 994, citing Thompson Coal Company v. Pike Coal Company, 488 Pa. 198, 208, 412 A.2d 466, 471 (1979). See also: Glenn v. Point Park College, 441 Pa. 474, 479-480, 272 A.2d 895, 898 (1971); Geyer v. Steinbronn, 351 Pa.Super. 536, 552, 506 A.2d 901, 910 (1986).
The trial court found appellant's amended complaint deficient because it failed to aver a specific prospective contract *309 which was known to Stradley, Ronon and with which appellee intentionally interfered. However, prospective contractual relations are, by definition, not as susceptible of definite, exacting identification as is the case with an existing contract with a specific person. "Anything that is prospective in nature is necessarily uncertain." Glenn v. Point Park College, supra, 441 Pa. at 480, 272 A.2d at 898. Among the relations protected against intentional interference is the opportunity to sell or buy real property. See: Restatement (Second) of Torts § 766B, comment c.
It is alleged in the instant complaint that at the time Stradley, Ronon filed the initial state court action, Kelly-Springfield had initiated efforts to find a new buyer, and Stradley, Ronon was aware of such efforts. Appellant further averred that potential buyers, including National Life Insurance Co., had expressed interest but had been deterred by the pending legal action commenced by Stradley, Ronon. These averments, we conclude, were sufficient to demonstrate the existence of prospective contractual relations. Neither case law nor Section 766B of the Restatement (Second) of Torts, which purports to define the tort of interference with a prospective contractual relation, requires an averment that the tortfeasor have knowledge of a specific third person whom its conduct prevented from entering a business relation with the plaintiff. See: Breslin v. Vornado, 559 F.Supp. 187 (E.D.Pa.1983).
It also was not fatal to appellant's cause of action that an agreement for the sale of the warehouse property was ultimately reached with National Life Insurance Company. The complaint contains averments that a resale was unnecessarily delayed by the interference of D'Ambro and Stradley, Ronon and that actual damage was caused thereby. This was sufficient.
Appellee contends that the amended complaint is insufficient because it fails to aver that the alleged interference was improper. The argument is made that any interference with appellant's efforts to resell the property was incidental to and a necessary consequence of conduct that was otherwise *310 proper. The inquiry to be made by a reviewing court was identified by the Supreme Court in Adler, Barish, Daniels, Levin and Creskoff v. Epstein, 482 Pa. 416, 393 A.2d 1175 (1978), cert. denied, 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979), when it quoted from comment b of Section 767 of the Restatement (Second) of Torts as follows:

"Privilege to interfere, or interference not improper. Unlike other intentional torts such as intentional injury to person or property, or defamation, this branch of tort law has not developed a crystallized set of definite rules as to the existence or non-existence of a privilege to act in the manner stated in §§ 766, 766A or 766B. Because of this fact, this Section is expressed in terms of whether the interference is improper or not rather than in terms of a specific privilege to act in the manner specified. The issue in each case is whether the interference is improper or not under the circumstances; whether, upon a consideration of the relative significance of the factors involved, the conduct should be permitted without liability, despite its effect of harm to another."
Supra, 482 Pa. at 433 n. 17, 393 A.2d at 1184 n. 17 (emphasis added). The factors to be considered in determining whether interference is improper have been identified at Section 767 of the Restatement (Second) of Torts as follows:
§ 767. Factors in Determining Whether Interference is Improper
In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relation of another is improper or not, consideration is given to the following factors:
(a) the nature of the actor's conduct,
(b) the actor's motive,
(c) the interests of the other with which the actor's conduct interferes,
(d) the interests sought to be advanced by the actor,
(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,

*311 (f) the proximity or remoteness of the actor's conduct to the interference and
(g) the relations between the parties.
A lawyer does not act improperly when he or she, in good faith, files a civil action to protect a client's legitimate interests. Restatement (Second) of Torts, § 773. The averments of the complaint in this case, however, are that Stradley, Ronon did not act in good faith to preserve a legally protected interest of a client but for the purpose of harassing Kelly-Springfield and interfering wrongfully with its efforts to resell the warehouse property. Such an interference is not proper and does not serve to protect a legally recognized interest of the client. We conclude, therefore, that the averments of the complaint are sufficient to state a cause of action for intentional interference with the prospective business relations of Kelly-Springfield.
The order sustaining preliminary objections in the nature of a demurrer to appellant's amended complaint is reversed, and the case is remanded for further proceedings. Jurisdiction is not retained.
OLSZEWSKI and BROSKY, JJ., file concurring opinions.
OLSZEWSKI, Judge, concurring:
I concur in the majority's disposition of this case. I write separately only to emphasize the unique factual posture presented which gives rise to the inference of possible malice necessary to allow the causes of action against an attorney for wrongful use of civil process and interference with a prospective contractual relationship to proceed.
Attorneys, by the nature of their profession, are more susceptible to claims of wrongful use of civil process because they are intimately involved with the majority of litigation which occurs. In recognition of this, the drafters of the Restatement included Comment (d) which provides as follows:
"An attorney who initiates a civil proceeding on behalf of his client or one who takes any steps in the proceeding is *312 not liable if he has probable cause for his actions; and even if he has no probable cause and is convinced that his client's claim is unfounded, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim. (See § 676). An attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.
If, however, the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, as, for example, to put pressure upon the person proceeded against in order to compel payment of another claim of his own or solely to harass the person proceeded against by bringing a claim known to be invalid, he is subject to the same liability as any other person."
RESTATEMENT (SECOND) TORTS § 674, Comment (d). Thus, recognition that litigation is the business of attorneys offers a modicum of protection from these types of actions.
This recognition, however, does not offer absolute immunity from a suit based upon wrongful use of civil process. An attorney who misuses the courts to harass another can be liable. Stradley, Ronon argues here that they acted primarily to obtain a proper adjudication of D'Ambro's claim. This may be true and is not being decided today. The precise issue today is whether the facts, as pled, give rise to a reasonable inference that Stradley, Ronon misused civil process and interfered with a prospective contractual relationship. Creeger Brick v. Mid-State Bank, 385 Pa.Super. 30, 32-33, 560 A.2d 151, 152 (1989). Thus, a careful examination of the facts pled is necessary.
In the case sub judice, Stradley, Ronon filed an action in state court on behalf of their client, D'Ambro, for specific performance of the sales agreement, or, alternatively for monetary damages. That action was also listed as a lis *313 pendens. I would agree with Stradley, Ronon that if this were all that were pled, no cause of action would be stated. No matter how invalid his claim, D'Ambro was entitled to order his attorneys to file the action. The allegations do not end there, however. The pleadings further allege that Stradley, Ronon voluntarily withdrew the state court action after a hearing had been scheduled on the matter; then filed an identical suit in federal court and caused that second action to listed as a lis pendens. Plaintiff's amended complaint, paragraphs 20-27. It is this withdrawal of the state court action, which effectively avoided a hearing on its merits, and the subsequent filing of an identical federal action, which gives rise to a reasonable inference that Stradley, Ronon acted to harass Kelly-Springfield by bringing a claim known to be invalid. The same inference of improper intent supports the cause of action for interference with a prospective contractual relationship.
It may be that Stradley, Ronon was acting primarily to obtain a proper adjudication of D'Ambro's claim throughout the course of conduct which gave rise to this suit. It is possible that further discovery may indicate that no cause of action lies in this matter, or that the evidence presented will not prove the necessary malice, or that the finder of fact will not draw the inference as outlined above. At this point in the proceedings, however, Stradley, Ronon has admitted all the well-pled facts and Kelly-Springfield is entitled to the benefit of that inference.
BROSKY, Judge, concurring.
I agree with the majority that the complaint can be read to state a cause of action for wrongful use of civil process, and, therefore join the opinion to the extent of that holding.
An attorney is employed as an agent for purposes of legal representation by the client. He or she acts as the representative of the client and, for the most part, is bound by ethical considerations to do as the client wishes. To impute the motivations of the client to the attorney would be grossly unfair to attorneys everywhere and greatly impede *314 our legal system. Thus, only when the attorney can be legitimately found to be abusing the civil process should he or she be found liable upon a cause of action. As my colleague Judge Olszewski notes in his concurrence, an attorney is quite susceptible to allegations of wrongfully using the civil process because attorneys are charged with the obligation of instituting actions on behalf of their clients. We do not want to see an environment develop that allows an attorney's motivations to be questioned and a lawsuit filed against the attorney every time a case is lost.
NOTES
[1] The trial court's order dismissed all counts of the amended complaint against the lawyer. Such an order is final and immediately appealable. U.S. National Bank v. Johnson, 506 Pa. 622, 487 A.2d 809 (1985); Chiricos v. Forest Lakes Council Boy Scouts of America, 391 Pa.Super. 491, 571 A.2d 474 (1990).
[2] The causes of action against D'Ambro for breach of contract, wrongful use of civil process and intentional interference with prospective contractual relationships remain undetermined.