## Merwine v. Wyland

*George W. Westervelt Jr.,* for plaintiff.
*Jane Roach,* for defendant.

O'BRIEN, *J.,* March 12, 1992—Plaintiff Connie J. Merwine filed a complaint for divorce on May 8, 1991, to which defendant Scott T. Wyland has filed responsive pleadings seeking, inter alia, equitable distribution of marital property. On November 13, 1991, defendant husband recorded an "affidavit" in the Office of the Recorder of Deeds for Monroe County making reference to certain real estate which the affidavit alleged "is marital property" and requesting that the affidavit "be indexed against" plaintiff wife and neighboring property owners Neil Murphy and Shirley A. Murphy. Subsequently, plaintiff wife filed a "motion to strike affidavit" and this court entered a rule upon the defendant to show cause why the motion should not be granted. Following the filing of an answer by defendant husband, the submission of briefs by both parties and oral argument before the court on March 2, 1992, plaintiff's motion is now before the court for disposition.

Although affidavits are generally not recordable, several states have adopted statutes allowing the recording of affidavits for limited purposes. As the Alabama Supreme Court stated in *Stewart Bros. v. Ransom,* 204 Ala. 589, 87 So. 89, such statutes are in derogation of the common law and must be strictly construed. On November 5, 1981, Pennsylvania adopted this practice prevalent in other states by enacting the following provisions:

"An affidavit, stating facts relating to the matters hereinafter named, which may affect the title to real estate in this Commonwealth, made by any person having personal knowledge of the facts and competent to testify concerning them in open court, may be recorded (even though not acknowledged) in the Office of the Recorder of Deeds or Commissioner of Records in the county in which such real estate is situated; and when so recorded, such affidavit, or a certified copy thereof, shall be admissible evidence of the facts therein stated, in so far as such facts affect title to real estate, provided a member of the bar of the highest court of this Commonwealth shall have signed a certification, appended thereto, that he or she relied upon such affidavit upon passing on the title to such real estate." 21 P.S. §451.

"The affidavit herein provided for may relate to the following matters: age, sex, birth, death, capacity, relationship, family history, heirship, names, identity of parties, marital status, possession or adverse possession, residence, service in the armed forces, conflicts or ambiguities in descriptions of land in recorded instruments, and the happening of any condition or event which may terminate an estate or interest." 21 P.S. §452.

The legislative history of this statutory provision makes it apparent that the purpose of the legislation was to provide a convenient means of clearing up minor defects in the title to real estate. It is not uncommon that a title report prepared for the purpose of the conveyance of real estate raises questions concerning marital status of a party in the chain of title or other issues enumerated in 21 P.S. §452, supra. It is for this reason that the statutory provision requires the certification by a member of the bar that the affidavit was relied upon in "passing on the title to such real estate." Applying the strict construction mandated for such statutes to the facts of the case at bar make it apparent that the defendant husband's affidavit does not meet the requirements of the statute. The affidavit does not contain a certification that an attorney relied upon it "upon passing on the title to such real estate" because it was filed to raise a cloud on the title to real estate.

In *Frankel v. Northeast Land Co.,* 391 Pa. Super. 226, 570 A.2d 1065 (1990), our Superior Court stated that "a lis pendens serves to give notice to third parties that the property is subject to litigation and that any interest acquired by the third party will be subject to the result of the litigation." A lis pendens may be filed only attendant to an equity action and is the proper procedure for accomplishing the objective apparently intended by defendant husband by his affidavit. More importantly such an action must include all parties whose title is affected who would then have the right to respond to such litigation, including the right to file a motion to strike the lis pendens. While defendant husband's assertion of an interest in property owned by plaintiff wife is the proper subject of an equitable

distribution proceeding, the other parties named in his affidavit (Neil Murphy and Shirley A. Murphy, his wife) are not parties to this divorce proceeding and cannot file pleadings herein. Therefore, if defendant husband wishes to pursue the issue with respect to the Murphy's property, he must do so in an action in equity. However, he would be well advised to consider the holding of the Superior Court in *Rosen v. Towers,* 334 Pa. Super. 124, 482 A.2d 1113 (1984), before embarking on an equity action or lis pendens premised solely on an alleged oral agreement. While the filing of the challenged affidavit may not rise to the arbitrary, vexatious type of conduct contemplated by 42 Pa.C.S. §2503, a frivolous law suit may be another matter. In conclusion, we hold that the provisions of 21 P.S. §451, 452 may only be invoked for the purpose of clearing title to real estate and not as a substitute for an equity action or a lis pendens.

## ORDER

And now, March 12, 1992, it is ordered as follows:

(1) The rule heretofore issued is made absolute and the motion of plaintiff Connie J. Merwine to strike the affidavit recorded by defendant Scott T. Wyland on November 13, 1991, in the Office of the Recorder of Deeds in and for Monroe County, Pennsylvania is granted.

(2) Dennis W. Deshler, the Recorder of Deeds of Monroe County is directed to mark his records and indices so as to reflect the provisions of this order.