## Marshall Construction Company, Inc., *v.* Forsyth et al., Appellants.

Argued January 7, 1948. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Samuel A. Montgomery* and *Guy W. Davis,* with them *Richard A. Montgomery,* for appellants.

*Charles G. Gartling,* with him *A. Sidney Johnson, Jr.,* and *Butler, Beatty, Greer & Johnson,* for appellee.

OPINION BY MR. JUSTICE LINN, March 22, 1948:

All the defendants appeal from a decree requiring specific performance of a contract to convey certain real property containing twenty-four lots to the plaintiff. About five months after the date of the contract, defendants agreed to sell part of the land to St. John's Evangelical Lutheran Church of Folcroft, which was brought in as an additional defendant. Exceptions to the adjudication were heard by the court in banc and the decree nisi was entered as a final decree.

The contract provided for several contingencies. First, the purchase price was $6,575.20, of which $500 was payable at the signing of the contract and the balance at settlement. No time for settlement was stated; a reasonable time being implied: *Suchan v. Swope,* 357 Pa. 16, 21. The $500 payment was made as required. Two other provisions, which the parties called options were made. Second. The purchaser had the option of paying cash within ninety days for one-half the lots and mortgaging the other half for the balance, the lien of the mortgage to be subordinated to that of "builders construction mortgages upon each of the aforesaid houses to be erected upon the said lots . . ." Third. There was an "alternate option." The contract provided that by paying $500 additional the "balance of the purchase money, $6,075.20, [would be deferred] until after the

sale of the houses to be erected thereon by the purchaser which was not to be later than one year from the date of the agreement, in which event the purchase price of the entire 24 lots is to be $7,232.50, instead of $6,575.20," payment to be secured by mortgage, the lien of which would be subordinated to the "advance or builder's construction mortgages upon each of the houses to be erected upon the lots." No time being specified for the exercise of this option, a reasonable time was implied: *Suchan v. Swope,* supra.

The contract was dated October 29, 1945. On January 25, 1946, the purchaser notified the seller "that he exercised the alternate option in said agreement and offered to pay the additional sum of $500," and was informed by the seller "that he could make the payment later." On February 4, 1946, he again offered to pay the $500 on the alternate option which the seller refused to accept and informed the purchaser that the agreement was "void." The learned chancellor found that the purchaser "exercised the alternate option under the agreement." This finding is supported by evidence and is therefore accepted as a fact in the case.

Defendants agreed, as we have said, to sell to the additional defendant, part of the land which they had agreed to sell to plaintiff. This agreement was dated March 30, 1946. This suit was brought May 14, 1946. On the same day and on May 21st the plaintiff caused this suit to be indexed against the defendants in the office of the Prothonotary of Delaware County in the Judgment Index as notice of this litigation. The Act of June 15, 1871, P. L. 387, 17 P.S. 1908, provides for such indexing. Thereafter, on July 22, 1946, the church, the additional defendant, accepted a deed from the other defendants. The learned chancellor found that the additional defendant "had legal notice of the pendency of this litigation when settlement was made for the land

purchased by said church on or about July 22, 1946." By legal notice, we assume he meant constructive notice.* In *Dillinger v. Ogden,* 244 Pa. 20, at p. 28, 90 A. 446, this Court said: "Without doubt, where a contract for the sale of land is made, and the property is afterwards conveyed to another, with notice to the other of the original contract, the alienee is liable for its performance at the suit of the purchaser. If the original contract is binding, it may be enforced, against any one in whom, with notice of the conditions, the legal or beneficial interest in the property becomes vested."

The appellants contend that the ninety day provision provided for in the second contingency stated above applied not only to the option to settle for half the lots within that period, but applied also to the other option. The court held that it did not but that even if appellants' view of the meaning of the contract in this respect were adopted, the same decree should still be required on the ground that within ninety days plaintiff exercised the option and the vendor refused to perform: compare *Penna. Mining Co. v. Smith,* 207 Pa. 210, 56 A. 426; *Loughney v. Quigley,* 279 Pa. 396, 124 A. 84. We think the evidence supports the conclusion of the learned chancellor.

The decree is affirmed, but as the time in which it was to be performed has passed, pending the disposition of this appeal, the record is remitted for such modification as may be required in the circumstances. Costs to be paid by appellants.

---

* It is true that fuller notice of lis pendens is given by indexing such suits pursuant to the Act of May 22, 1878. P. L. 95, amended June 19, 1913, P. L. 532, 17 P S 1910 et seq. than is given by indexing pursuant to the Act of 1871, but the court of common pleas of Delaware County has not seen fit to make provision for such indexing although authorized by the Act of 1878 to do so.