976 F.2d 1155
 23 Fed.R.Serv.3d 1052
 UNITED STATES of America, Appellee,
v.
LOT 65 PINE MEADOW, AN ADDITION TO BARLING, SEBASTIAN
COUNTY, ARKANSAS, WITH ALL APPURTENANCES AND GROUNDS; Janus
Venture Fund, Inc. Stock Shares, Account No. 152988600;
American Fund Group Account Stock Shares, No. 119090-261;
T. Rowe Price International Stock Fund, Account No.
610060350-5; 20th Century Mutual Fund Stock Shares, Account
No. 21001035152; Defendants,
Larry Tobler, Appellant.
 No. 92-1443.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 5, 1992.
Decided Oct. 2, 1992.
 
 John Spilotro, Las Vegas, Nev., argued (Oscar Goodman, on the brief), for appellant.
 Deborah J. Groon, Asst. U.S. Atty., Fort Smith, Ark., argued for appellee.
 Before McMILLIAN, BOWMAN and HANSEN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Larry Tobler appeals from a final order entered in the District Court[1] for the District of Western Arkansas finding him in default and issuing a decree of forfeiture of certain real estate and other assets. United States v. Lot 65 Pine Meadow, Civil No. 91-2158 (W.D.Ark. Dec. 6, 1991) (memorandum opinion). For reversal Tobler argues the district court erred in granting the government's motion to strike his claim and answer as untimely filed and denying his motion for an extension of time. For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 In April 1991 a DEA special agent spoke by telephone with an individual who identified himself as "Larry." "Larry" was subsequently identified as appellant. Appellant told the special agent that he was looking for a new source for marijuana. Over the next several months appellant and the special agent negotiated a marijuana deal; appellant agreed to buy 25 pounds of marijuana for $1,000 per pound. During these negotiations appellant allegedly told the special agent that he had not held a legitimate job in the past two years, had recently purchased a house and had earned money by gambling and selling marijuana. On July 15, 1991, appellant and the special agent met in Las Vegas, Nevada, to consummate the deal. Appellant was arrested and charged with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 On July 30, 1991, the government filed a verified complaint for forfeiture against certain real estate and other assets pursuant to 21 U.S.C. § 881(a)(6) on the grounds that these properties were the proceeds of Tobler's illegal drug transactions. Appellant was personally served that day with the summons, complaint, warrant of arrest in rem, and order of arrest. On August 26, 1991, appellant filed a verified claim and answer and a motion for an extension of time to file the claim and answer. These pleadings were untimely filed. The Supplemental Rules for Certain Admiralty and Maritime Claims apply to civil forfeiture proceedings. Rule C(6) of the Supplemental Rules requires the claimant of property that is the subject of an action in rem to file a claim within 10 days after process has been executed and to serve an answer within 20 days after the filing of the claim. The claim should have been filed by August 13, 1991, and the answer by August 20, 1991.
 
 
 4
 On October 1, 1991, the government filed a motion to strike appellant's claim and answer as untimely filed. The motion to strike was itself untimely filed. Fed.R.Civ.P. 12(f) requires a motion to strike to be filed within 20 days after service of the pleading upon the party. The motion to strike should have been filed by September 9, 1991. The district court granted the government's motion to strike and denied appellant's motion for an extension of time to file the claim and answer and issued a memorandum opinion explaining its decision. The government then moved for default judgment, and the district court found appellant in default and issued a decree of forfeiture. This timely appeal followed.
 
 MOTION TO STRIKE
 
 5
 First, appellant argues the district court erred in granting the government's motion to strike because it was untimely filed. We disagree. As noted by the district court, Rule 12(f) also authorizes the district court to act "upon the court's initiative at any time." Slip op. at 3-4. This grant of judicial discretion "has been interpreted to allow the [district] court to consider untimely motions to strike and to grant them if doing so seems proper.... In light of this, the time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit." 5A Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1380, at 652-54 (2d ed. 1990) (footnote omitted). As discussed below, the motion to strike did have merit. For this reason, we hold the district court did not abuse its discretion in considering and granting the government's untimely motion to strike.
 
 MOTION FOR EXTENSION OF TIME
 
 6
 Next, appellant argues the district court erred in denying his motion for an extension of time to file his claim and answer. Appellant argues he was unable to timely file his claim and answer because he was confused (and undoubtedly distressed) by other legal problems, including several other civil forfeiture actions. He also argues the government failed to show any prejudice as a result of the delay. We disagree.
 
 
 7
 "[T]he basic purpose of Rule C(6) ... is to inform the court that there is a claimant to the property who wants it back and intends to defend it." United States v. Beechcraft Queen Airplane, 789 F.2d 627, 629 (8th Cir.1986). "It is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)." United States v. One Parcel of Property, 959 F.2d 101, 104 (8th Cir.1992). Nor is this a case in which "[a] more liberal [construction of Rule C(6) ] might be appropriate." United States v. Beechcraft Queen Airplane, 789 F.2d at 630. As noted by the district court, equitable considerations did not favor mitigation. Slip op. at 6-7. Although appellant received actual notice of the forfeiture complaint, he did not file his claim, answer or motion for an extension of time within the applicable time limits or offer any reason for his delay other than his other legal problems. See, e.g., United States v. One 1979 Mercedes 450SE, 651 F.Supp. 351, 353 (S.D.Fla.1987) (listing factors). We hold the district court did not abuse its discretion in denying his motion for an extension of time.
 
 
 8
 Because appellant did not file a timely claim, he lacked standing to contest the forfeiture. Accordingly, we affirm the district court's order issuing a decree of forfeiture by default.
 
 
 
 [1]
 The Honorable Morris Sheppard Arnold, then United States District Judge for the Western District of Arkansas, now Circuit Judge for the United States Court of Appeals for the Eighth Circuit