WALLACE, Senior Circuit Judge,
concurring.
I concur with the majority opinion, but write separately to clarify that our ancillary jurisdiction is limited to the district court’s ability to enforce the consent decree against Beth Rivka. See Lasky v. Continental Products Corp., 804 F.2d 250, 254 (3d Cir.1986). Although the district court held that Beth Rivka was not a party to the consent decree, the district court has the power to enforce the decree against Beth Rivka. Previously, the district court found that Appellants formally assigned to Beth Rivka their right in all proceeds which were or became due from the insurer in Appellants’ action then pending against the insurer. Dickler v. Cigna, No. 90-4288,1996 WL 437048, at 1* (E.D.Pa. Aug. 2, 1996). It was these proceeds that were distributed by the consent decree. Beth Rivka is thus bound by the consent decree, though it is not a party. Golden State Bottling Co. v. NLRB, 414 U.S. 168, 179, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973); Behrens v. Skelly, 173 F.2d 715, 718-19 (3d Cir.1949) (applying New York law); United States v. Premises Known as 2930 Greenleaf Street, Allentown, Pa., 920 F.Supp. 639, 645-46 (E.D.Pa.1996) (applying Pennsylvania law); 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4462 (2d ed. 2002).