WOLLMAN, Circuit Judge.
American River Transportation Company (Artco) appeals from the district court’s order dismissing its limitation complaint. We reverse and remand.
I.
On March 6, 2011, the M/V Julie White, a towboat owned by Artco, was pushing four barges southbound on the Mississippi River in the vicinity of Lock and Dam 25. The barges became separated from the M/V Julie White, abided with structures appurtenant to Lock and Dam 25, and then sank. The United States advised Artco that the barges had caused damage to Lock and Dam, 25 and/or the structures appurtenant to it.
Artco salvaged and removed the sunken barges from the Mississippi River. Artco then filed a complaint seeking exoneration from, or limitation of liability for, claims arising from the allision pursuant to the Limitation of Shipowners’ Liability Act, 46 U.S.C. §§ 30501-12 (the Limitation Act). In accordance with the Limitation Act, Artco sought to limit its liability to the value of the M/V Julie White, the four barges, and their freight, which Artco alleged had a total value of $1,322,837.85. The district court entered an order approving Artco’s posted security, enjoining the prosecution of any suits related to the allision, and requiring Artco to provide notice to potential claimants advising them of the limitation action.
Artco provided notice to the United States of the limitation action. This notice mirrored the requirements of Federal Rule of Civil Procedure Supplemental Rule F(5). It informed the United States that as a potential claimant, if it wished to contest Artco’s right to exoneration or limitation, it was required to file a proof of claim and answer to the limitation complaint by June 15, 2011. The United States did not file a proof of claim or answer. Instead, it appeared in the limitation. action and filed a motion to dismiss the complaint under Rule 12(b)(6), arguing that its claims under the Rivers and Harbors Act, 33 U.S.C. §§ 401-76, were not subject to limitation under the Limitation Act.
*841 The district court' agreed, holding that the government could seek an implied in personam,' cause of action under § 408 of the Rivers and Harbors Act and that such an action was not subject- to the Limitation Act. See D. Ct. Order of Mar. 12, 2012, at 11. Because the government was the only potential claimant to Artco’s limitation action, the district court dismissed the limitation complaint.
II.
Artco contends that the district court erred by entertaining the motion to dismiss the limitation complaint because the government lacked standing and by concluding that § 408 of the Rivers and Harbors Act provided an implied in personam cause of action.
The Limitation Act, formerly 46 U.S.C. § 183, permits a vessel owner to file a complaint to limit its liability in the case of an accident and states that “the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight” when the loss or damage occurs “without the privity or knowledge of the owner.” 46 U.S.C. § 30505(a), (b). For an explanation of the history and purpose of the Limitation Act, see Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446-8, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001).
When first passed, the Limitation Act “did not establish a procedure to implement the limitations on liability that it established.” Am,. Milling Co. v. Brennan Marine, Inc., 623 F.3d 1221, 1224 (8th Cir.2010). “[T]he Supreme Court enacted rules to establish a uniform judicial procedure by which a vessel owner could seek to limit its liability under the Limitation Act. Over time, these rules were amended and relabeled, and Rule F was eventually adopted as part of the Federal Rules of Civil Procedure.” Id. (internal citations omitted). “As other courts have explained, ‘Rule F evolved as a procedural device to implement the [Limitation Act].’ ” Id. (quoting Bouchard Transp. Co., Inc. v. Updegraff, 147 F.3d 1344, 1347 (11th Cir. 1998) (alteration in original)). Under Rule F(5), any claimant who wishes to contest a vessel owner’s “right to-exoneration from or the right to limitation of liability” must file a proof of claim and an answer to the complaint, unless the claim has included an answer.
Artco contends that the district court erred by allowing the government to file its motion to dismiss the limitation complaint without first filing a proof of claim and answer in accordance with Federal Rule of Civil Procedure Supplemental Rule F(5). The government argues that its claim under the Rivers and Harbors Act is not subject to the Limitation Act and that it is therefore- not required to follow the procedural steps established in Rule F(5). The district court held that the government’s claim was not subject to the Limitation Act, and implicitly rejected Art-co’s argument that the government was nevertheless required to comply with the procedural steps outlined in Rule F(5) prior to filing its motion to dismiss. See D. Ct. Order of Mar. 12, 2012, at 11. Rule F(5) is part of the Federal Rules of Civil Procedure, and we review the district court’s interpretation of the rule de novo. Am. Milling, 623 F.3d at 1224.
“Admiralty and maritime law includes a host of special rights, duties, rules, and procedures.” Lewis, 531 U.S. at 446, 121 S.Ct. 993. As discussed above, Rule F was created to implement .the Limitation Act. See Am. Milling, 623 F.3d at 1224. After notice of a limitation complaint is issued either by publication or directly by mail, Rule F(5) provides the process by which potential claimants must proceed.
*842 Claims shall be filed and served on or before the date specified in the notice provided for in - subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.
Fed.R.Civ.P. Supp. R. F(5).
Artco contends that a party does not have standing to appear in'a limitation proceeding and file a motion to dismiss the limitation complaint unless it first complies with the requirements of Rule F(5). The government contends, that it has Article III standing, which is all that is required. Although Article III establishes the “irreducible constitutional minimum of standing,” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), a party may also be subject to prudential and statutory standing requirements, see Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933-34 (8th Cir. 2012).
The Federal Rules of Civil Procedure Supplemental Rules C and G have been, deemed to create statutory standing requirements for challenging forfeiture actions. See, e.g., United States v. 8 Gil-crease Lane, 638 F.3d 297, 298 n. 1 (D.C.Cir.2011) (stating that a verified claim under Supplemental Rule C(6) is essential to conferring statutory standing upon a claimant in a forfeiture action); United States v. $22,050.00, ,595 F.3d 318, 323 n. 5 (6th Cir.2010) .(stating that strict compliance with Supplemental Rule G is a prerequisite for statutory standing to challenge a forfeiture action); United States v. $148,840.00, 521 F.3d 1268, 1273 n. 3 (10th Cir.2008) (stating that Supplemental Rule C(6) serves as the requirement for statutory standing in a forfeiture action); United States v. $487,825.00, 484 F.3d 662, 664 (3d Cir.2007) (“In order to stand before a court and contest a forfeiture, a claimant must meet both Article III and statutory standing requirements. To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in Rule C(6)(a) and § 983(a)(4)(A).” (internal citation omitted)); United States v. $108,387.27, 863 F.2d 555, 560-61 n. 10 (7th Cir.1988) (noting that forfeiture actions require Article III and statutory standing and that statutory standing is satisfied by meeting the requirements of Supplemental Rule C(6)); United States v. $38,000.00, 816 F.2d 1538, 1545 (11th Cir.1987) (“The Supplemental Rules govern judicial forfeiture proceedings and establish the statutory standing requirements for these actions.”); see also United States v. Lot 65 Pine Meadow, 976 F.2d 1155, 1157 (8th Cir.1992) (although not invoking the term “statutory standing,” holding that a party “lacked standing to contest the forfeiture” because he had failed to file a timely claim in accordance with Rule C(6)).
Similarly, we conclude that Rule F(5) creates statutory standing requirements for challenging limitation actions. The purpose of Rule F(5), much like that of Rules C(6) and G(5), is to bring all potentially interested parties into one proceeding to address competing claims to certain property. Compare United States v. Three Parcels of Real Property, 43 F.3d 388, 392 (8th Cir.1994) (“The purpose of Rule C(6) is to inform the court that there is a claimant to the property who wants it back and intends to defend it.” (internal quotation marks omitted)), with White v. Sabatino, 415 F.Supp.2d 1163, 1180 (D.Haw.2006) (“The purpose of [Rule *843 F(5) ] is to consolidate all pending and potential claims against the owner of the vessel in one Limitation proceeding.”). Likewise, an examination, of Rule F demonstrates that it provides a structure and procedures that are similar to those provided by Rules C and G.[1] Moreover, although not explicitly declaring the claim requirement of Rule E(5) a statutory standing requirement, several decisions have implicitly addressed it in this manner. See, e.g., In re Triton, 719 F.Supp.2d 753, 757-58 (S.D.Tex.2010) (potential claimants who had not filed claims under Rule F(5) lacked standing to seek dismissal of the limitation action); In re Lenzi, Civ. A. No. 89-4571, 1989 WL 146659, at *1 (E.D.Pa. Dec. 1, 1989) (concluding that party who filed an answer and a motion for summary judgment in a limitation complaint, but not a proper claim under Rule F(5), lacked standing to contest the right to limitation or exoneration). Accordingly, we conclude that filing a claim in accordance with Rule F(5) is a statutory standing requirement.
Furthermore, we reject the government’s contention that this requirement is inapplicable when the claim at issue is not subject to the Limitation Act. In support of this proposition, the government relies primarily upon United States v. CF Industries, Inc., 542 F.Supp. 952, 956 (D.Minn. 1982), in which limitation complaints were filed by the respective owners of a barge and a tug involved in an accident on the Mississippi River. Id. at 953-54. The actions were consolidated and transferred to the United States District Court for the Southern District of Illinois. Under the limitation proceedings, injunctions were- issued enjoining the commencement and prosecution of any and all suits, actions, or proceedings related to the accident at issue in the limitation complaints. Id. at 954. Notwithstanding the injunctions, the government filed an action under the Clean Water Act (CWA) in the United States District Court for the District of Minnesota. The limitation plaintiffs filed motions to dismiss, contending that the government’s claim was subject to the Limitation Act. Id.
The district court held that the government’s claim under the CWA was not subject to the Limitation Act and thus could be filed outside the limitation proceeding. Id. at 956. The limitation plaintiffs argued further that although the claims were not subject to the Limitation Act, the government was still obligated to request relief from the injunctions granted in the limitation proceedings before directly filing its action in the District of Minnesota. The district court rejected this argument as well, concluding:
Although the United States has at times followed such a procedure, ... it is not required to do so. The injunctions en *844 tered in the limitation actions were based on the authority of Supplemental Admiralty Rule F(3), and therefore were limited to enjoining “any claim subject to limitation in the action.” Because the claim for the statutory penalty was not subject to limitation in the action, it falls beyond the scope of the injunctions. In addition, requiring the United States to initially enter the limitation actions would require the United States to go through costly, time consuming and unnecessary proceedings. Such a requirement would serve no purpose while unduly complicating the proceedings.
M.at 956-57 (internal citations omitted).
Even assuming that the government’s potential Rivers and Harbors Act claim is not subject to the Limitation Act, CF Industries does not lend support to the government’s position. Contrary to the government’s argument, the above-cited discussion in CF Industries does not permit the government to intervene in a limitation proceeding without following the requirements established in Rule F. CF Industries and similar cases demonstrate only that the government need not appear in the limitation proceeding at all to assert its claims when those claims are not subject to the Limitation'Act; it has no bearing on whether Rule F(5)’s claim requirement applies when a party does appear in a limitation action and attempts to contest the limitation complaint. See, e.g., In re Complaint of Metlife Capital Corp., 132 F.3d 818, 821-24 (1st Cir.1997) (concluding that claims under the Oil Pollution Act were not subject to the Limitation Act.or Rule F, and thus the claims could be filed in a collateral proceeding without abiding by the procedures set forth in Rule F).
Because the government chose to appear in the limitation action to contest the complaint, it was required to demonstrate that it had the requisite standing to do so. In this case, the government did not have statutory standing because it failed to file a claim in accordance with Rule F(5). The district court thus erred by entertaining the government’s motion to dismiss the limitation complaint. Because we conclude that the government was without standing, wé need not address the merits of the government’s motion to dismiss, ie., whether § 408 of the Rivers and Harbors Act provides an in personam cause of action.
III. Conclusion
We reverse the district court’s order dismissing Artco’s limitation proceeding and remand the case to the district court for further proceedings in accordance with the views set forth in this opinion.

. Admittedly, the language in Rule F(5) differs from that of current Rules C(6) and G(5), but the former version of Rule C(6) contained language similar to Rule F(5). Compare Fed. R.Civ.P. Supp. R. F(5) (2013) ("Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rulé. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.”), with Former Fed. R.Civ.P. Supp. R. C(6) (1992) ("The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim.”). Former Rule C(6)'s similar language was also deemed to create standing requirements. See Lot 65 Pine Meadow, 976 F.2d at 1157; United States v. One Dairy Farm, 918 F.2d 310, 311-13 (1st Cir. 1990).